**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KARL KORTEPETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   1:11-cv-2742 |
| vs. | ) | |
| | ) | |
| EDUCATIONAL COMPUTER | ) | |
| SYSTEMS, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, KARL KORTEPETER, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, EDUCATIONAL COMPUTER SYSTEMS, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

**JURISDICTION AND VENUE**

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3.      Plaintiff is an individual who was at all relevant times residing in North Royalton, Ohio.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Case Western Reserve University (hereinafter "Case Western").

6.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.      On information and belief, Defendant is a corporation of the State of Pennsylvania, which is licensed to do business in Ohio and which has its principal place of business in Coraopolis, Pennsylvania.

## **COUNT I**

(Violation of the Fair Debt Collection Practices Act)

8.      On or about July 1, 2004, Plaintiff filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, case number 04-18399-pmc (hereinafter "Plaintiff's bankruptcy case"). Case Western was provided with notice of the filing of Plaintiff's bankruptcy case as required by law.

9.      On or about May 29, 2009, an Order of Discharge was entered in Plaintiff's bankruptcy case. Case Western was also provided with notice of the filing of said Order of Discharge.

10.     During or about July of 2011, employees, agents and/or representatives of Defendant begin contacting Plaintiff, on behalf of Case Western, in attempts to collect the

2

aforementioned alleged debt, which had been previously discharged in Plaintiff's bankruptcy case.

11.     On or about October 5, 2011, Defendant caused written correspondence to be sent to Plaintiff, demanding payment of the alleged debt on behalf of Case Western.   In said correspondence, Defendant stated, in part:

> We remind you that you are NOW in default on your promissory note.  You have agreed to pay the unpaid balance, all attorney fees, and other costs necessary to collect the amount due.
>
> Unless we receive payment or a request for deferment, postponement, or cancellation, your creditor may take the following action without further notice:
>
> 1.   Exercise their option to ACCELERATE the maturity of your note(s)…The entire balance of your loan plus late charges and interest will become immediately due and payable.
>
> 2.   …[P]ursue you for the amount to which the Institution is entitled including attorney fees and all other allowable collection costs.

(Emphasis in original.) A copy of said correspondence is attached hereto as Exhibit 1.

12.     Despite Defendant's repeated references to a "promissory note" in said correspondence, Plaintiff never signed a promissory note with Case Western for the alleged debt which Defendant has been trying to collect from him.

13.     In addition, Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g.

14.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

> a.     Falsely representing the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

b.      Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

c.      Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

d.      Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g; and

e.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.      As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

WHEREFORE, Plaintiff, KARL KORTEPETER, respectfully prays for a judgment against Defendant as follows:

a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## <u>COUNT II</u>

(Violation of the Ohio Consumer Sales Practices Act)

16.      Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17.     Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

18.     Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

19.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

20.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

21.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

22.     As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, KARL KORTEPETER, respectfully prays for a judgment against Defendant as follows:

a.      Statutory damages of $200.00 for each violation of the OCSPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## <u>JURY DEMAND</u>

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

<u>/s/ David B. Levin</u>
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com